ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DARLA NATALIE DELGADO PAMIAS<br><br>Peticionaria<br><br>v.<br><br>ESTEBAN MIGUEL HERNÁNDEZ REYES<br><br>Recurrido | KLCE202401064 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.: AR2022RF00196<br><br>Sobre: Divorcio Ruptura irreparable |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Rodríguez Casillas, Juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de enero de 2025.

Comparece ante nos, la *Sra. Darla Natalie Delgado Pamias* (en adelante; "Delgado Pamias o peticionaria") mediante el presente recurso legal.[1] Solicita que revisemos la *Resolución* emitida el 28 de agosto de 2024,[2] por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante; "TPI"). En la cual, el TPI declaró *"Sin Lugar"* la solicitud de desacato de la peticionaria contra el *Sr. Esteban Miguel Hernández Reyes* (en adelante; "Hernández Reyes o recurrido").

Evaluada la totalidad del expediente, ***denegamos*** el auto de *certiorari*. **Veamos.**

-I-

De los *autos* ante nuestra consideración surge que, el vínculo matrimonial habido entre la señora Delgado Pamias y el señor Hernández Reyes se disolvió el **1 de junio de 2022** mediante un

---

[1] Cabe señalar que, la peticionaria presentó el recurso como una *Apelación*, sin embargo, al ser evaluado lo acogimos como un *Certiorari*, por lo que, ordenamos el cambio de materia y la asignación de su correspondiente número alfanumérico.
[2] Notificada el 29 de agosto de 2024.

Número Identificador

RES2024 _____

dictamen judicial.[3] Durante la vigencia del matrimonio las partes procrearon a la menor E.H.D. (en adelante; "menor"), quien nació el **10 de enero de 2013**. En la *Sentencia* de divorcio, la peticionaria obtuvo la custodia monoparental provisional de la menor, debido a la vigencia de una *Orden de Protección* a favor de ésta.[4]

Luego de varios trámites procesales, el **11 de octubre de 2023** se celebró mediante videoconferencia una Vista sobre fijación final de pensión de alimentos ante el *Examinador de Pensiones Alimentarias*, el *Lcdo. Robin Méndez Rodríguez* (en adelante; "Examinador").[5] Posteriormente, el Examinador emitió un *"Informe y Recomendaciones"*, en el cual, recomendó acoger la pensión alimentaria estipulada por las partes.

Por lo que, el **13 de octubre de 2023**, el foro de instancia acogió dicho informe mediante *Resolución.*[6] La pensión final quedó inalterada en cuanto a la participación del padre en los gastos contra reembolso. Referente a los gastos extracurriculares, el foro primario determinó lo siguiente:

> *[S]e ordena al Sr. Esteban Miguel Hernández Reyes pagar el 50% de los gastos escolares extraordinarios (cuotas, graduaciones y otros análogos) y gastos extracurriculares (actividades especiales, deporte del volleyball y otros), de la menor, previa presentación de evidencia en un término de 15 días. Una vez realizado el gasto, la señora Delgado Pamias tendrá quince (15) días para presentarle la evidencia al señor Hernández Reyes, y éste, a su vez; tendrá quince (15) días para realizar el pago. (Los recibos o documentos deberán ser notificados al padre o madre no custodio de forma tal que, de existir controversia, el padre o madre custodio pueda demostrar que cumplió con los términos aquí dispuestos. Se advierte al padre o madre no custodio que, de no objetar los recibos o documentos notificados con relación a estos gastos en el término concedido, se entenderá que está de acuerdo con los mismos y que acepta libremente las cantidades reclamadas).*[7]

---

[3] Notificada el 28 de junio de 2022.; Apéndice de la Peticionaria, págs. 7 – 10.
[4] Apéndice de la Peticionaria, págs. 11 – 16.
[5] Emitido el 11 de octubre de 2023 y notificado el 13 de octubre de 2023.; Apéndice de la Peticionaria, págs. 24 – 27.
[6] Apéndice de la Peticionaria, págs. 28 – 30.
[7] *Íd.*, págs. 28 – 29.

El **20 de julio de 2024**, la peticionaria sometió una *"Moción Urgente en Solicitud de Desacato"*.[8] Entre otras cosas, arguyó que como era norma entre las partes, la peticionaria seleccionó la actividad de verano de la menor y le envió los recibos al recurrido para el correspondiente reembolso. Señaló que, el recurrido le indicó no estar de acuerdo con el gasto por entender que otro campamento era mejor para la menor. Añadió que el recurrido no presentó objeción ni recurrió ante el TPI referente a dicho gasto.

Por su parte, el **5 de agosto de 2024**, el recurrido presentó una *"MOCION EN CUMPLIMIENTO DE ORDEN EN RELACION A MOCION URGENTE EN SOLICITUD DE DESACATO"* [sic].[9] Adujo que la peticionaria decidió unilateralmente matricular a la menor en un campamento de verano sobre repostería, pese a que el recurrido identificó y le notificó sobre un campamento educativo para la menor. Arguyó que, pese a notificarle a la peticionaria que no estaba de acuerdo con el campamento de repostería, ésta matriculó a la menor y le envió las facturas. Añadió que cuando fue notificado del gasto en el mes de mayo de 2024 objetó el mismo de inmediato, y reiteró su objeción en junio y julio de 2024, por lo que, alegó el cumplimiento con la *Resolución* dictada.

Examinado el asunto, el TPI emitió una *Resolución* el **28 de agosto de 2024**,[10] en la cual, determinó que:

> *Al examinar las mociones en tas entradas número [423], [431] y [433], el tribunal resuelve que los gastos incurridos por cualquier progenitor de forma unilateral, no serán reembolsados. De haber objeción por parte de un progenitor sobre la decisión que pretende tomar cualquiera de los progenitores, se deberá acudir al tribunal para que se tome una determinación judicial con relación al desacuerdo.*
>
> *A la solicitud de desacato, sin lugar.[11]*

Inconforme con el proceder del TPI, la señora Delgado Pamias recurrió el **26 de septiembre de 2024** ante este foro apelativo.

---

[8] Apéndice de la Peticionaria, págs. 31 – 38.
[9] Apéndice de la Peticionaria, págs. 40 – 47.
[10] Notificada el 29 de agosto de 2024.; Apéndice de la Peticionaria, págs. 51 – 52.
[11] *Íd.*, pág. 51.

Mediante el presente recurso señaló la comisión de los siguientes errores:

> *PRIMER ERROR: ERRÓ EL TPI AL RELEVAR AL ALIMENTANTE DEL PAGO DEL GASTO DE CAMPAMENTO DE VERANO DE SU HIJA MENOR DE EDAD SIN CELEBRAR UNA VISTA EVIDENCIARIA SOBRE DICHO PARTICULAR, LO CUAL CONSTITUYÓ UN CLARO ABUSO DE DISCRECIÓN, PARCIALIDAD, PREJUICIO Y ERROR MANIFIESTO Y UNA VIOLACIÓN CRASA AL DERECHO A UN DEBIDO PROCESO DE LEY AL NO CELEBRAR UNA VISTA PARA ATENDER EL ASUNTO DE DESACATO Y NO BASAR SU DECISIÓN EN PRUEBA ALGUNA.* [sic].
>
> *SEGUNDO ERROR: ERRÓ EL TPI AL DENEGAR UN GASTO QUE FORMA PARTE DE LA PENSIÓN ALIMENTARIA Y EL PADRE NO OBJETÓ OPORTUNAMENTE ANTE EL TRIBUNAL, DEJÁNDOLO SUJETO A LA VOLUNTAD DEL APELADO, QUIEN ENVIÓ UN MENSAJE Y SE CRUZÓ DE BRAZOS.* [sic].
>
> *TERCER ERROR: ERRÓ EL TPI AL DENEGAR UN GASTO EN TORNO AL CUAL MEDIABA CONSENTIMIENTO TÁCITO DEL APELADO DESDE AÑOS ANTERIORES DE QUE ERA PARTE DE LA PENSIÓN ALIMENTARIA Y LA MADRE ANOTABA A LA MENOR EN CAMPAMENTO Y LE ENVIABA EL RECIBO PARA REEMBOLSO.* [sic].

De su parte, el **17 de octubre de 2024** compareció el señor Hernández Reyes mediante el escrito intitulado *"MOCION EN CUMPLIMIENTO DE ORDEN SOBRE PLAZO PARA MOSTRAR CAUSA POR LA CUAL NO DEBA EXPEDIRSE EL AUTO DE CERTIORARI"* [sic]. Habiendo comparecido ambas partes, damos por sometido el asunto.

**-II-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[13]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,*

---

[12] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[13] *García v. Asociación,* 165 DPR 311, 321 (2005).

*solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[14]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[15]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[16]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales

---

[14] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[15] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[16] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[17]

**-III-**

En esencia, la señora Delgado Pamias nos plantea que el TPI erró al relevar al recurrido del pago del campamento de verano sin celebrar una vista evidenciaria. Arguye que al no celebrar la vista para atender el asunto del desacato y no basar su decisión en prueba alguna, el foro primario abusó de discreción, mostró parcialidad, prejuicio y error manifiesto, además de constituir una violación crasa al debido proceso de ley.

No obstante, contrario a los planteamientos de la peticionaria, apreciamos que la Resolución recurrida dejó la puerta abierta para que se traiga al foro la controversia del reembolso del pago de campamento de verano. Estimamos que el TPI no incidió ni cometió un error manifiesto en el proceder del presente caso. Conforme a las normas de derecho aplicables y los hechos ante su consideración, la *Resolución* recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada. Por lo cual, no encontramos ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil para expedir el auto de *certiorari*.

Además, la peticionaria no señaló prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. En ese sentido, somos del criterio que el foro de instancia no abusó de su discreción ni fue irrazonable en forma alguna. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra* resolvemos denegar el presente auto de *certiorari*.

---

[17] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

**-IV-**

Por lo fundamentos antes expuestos, ***denegamos*** el presente auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones